IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIA R. PEREZ,**

      **Plaintiff,**

v.     No. CIV-11-0332 JB/LAM

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

      **Defendant.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* and its accompanying *Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 16)* (hereinafter, collectively, "motion"), filed in this case on November 16, 2011. United States District Judge James O. Browning referred the claims raised in the *Motion* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. *Order of Reference (Doc. 6)*. The Court has reviewed Plaintiff's *Motion (Docs. 15* and *16)*, *Defendant's Response to Plaintiff's Motion to Reverse or Remand (Doc. 17)*, Plaintiff's *Reply in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 19)*, and relevant law. Additionally, the Court has

---

[1]**Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

meticulously reviewed and considered the entire administrative record. [*Doc. 12*].[2]  For the reasons set forth below, the Court recommends that Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* be **GRANTED in part** and **DENIED in part**, and the decision of the Commissioner of Social Security (hereinafter "Commissioner") be **REMANDED**.

## I.  Procedural History

On April 4, 2008, Plaintiff filed an application for Supplemental Security Income (*Doc. 12-8* at 2, and amended at 17-18) and an application for Social Security Disability Insurance Benefits (*id.* at 9).  Plaintiff alleges that she became disabled on September 1, 2007, when she was forty-one years old.  *Id.* at 2 and 9.  Plaintiff states that she became unable to work due to "[a]rthritis, psoriasis, gall bladder problems, [and] stomach ulcers." [*Doc. 12-9* at 17].  Plaintiff's application was denied at the initial and reconsideration levels on August 14, 2008 and October 8, 2008, respectively. [*Doc. 12-5* at 2-5 and 13-15, respectively].  Administrative Law Judge (hereinafter "ALJ") Ann Farris conducted a hearing on February 16, 2010. [*Doc. 12-3* at 23-62].  Plaintiff was present and testified through an interpreter at the hearing (*id.* at 25-26 and 31-*52*), and was represented by counsel at the hearing (*id.* at 25-26).  Vocational expert (hereinafter "VE"), Pamela Bowman, was also present and testified at the hearing.  *Id.* at 53-60.

On April 2, 2010, the ALJ issued a decision denying Plaintiff's application and finding that she is not disabled within the meaning of the Social Security Act. [*Doc. 12-3* at 13-19].  On April 23, 2010, Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 5-6) and, on February 15, 2011, the Appeals Council denied Plaintiff's request for review, which made

---

[2]Citations to the Record are to the Court's CM-ECF page numbers in Document 12.

the ALJ's decision the final decision of the Commissioner (*id.* at 2-4). On April 21, 2011, Plaintiff filed her complaint in this case. [*Doc. 1*].

## II.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted). While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may

undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits (DIB) and supplemental security income (SSI), a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity;" and (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) either meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## IV.  Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on September 17, 1965.  [*Doc. 12-8* at 2 and 9].  Plaintiff testified that she completed the fourth grade in school in Mexico.  [*Doc. 12-3* at 42].  Plaintiff worked as a sorter at a chile processing plant, farm laborer, self-employed janitor, cook's helper, and home healthcare giver.  [*Doc. 12-9* at 36].  Plaintiff alleges that she became disabled on September 1, 2007, and she is unable to work due to arthritis, psoriasis, gall bladder problems, and stomach ulcers.  *Id.* at 17.

Plaintiff's medical records document treatment from Ben Archer Health Center [*Doc. 12-10* at 3-21 and 46-52]; Sierra Vista Hospital (*id.* at 22-23 and 30); M.S. Vidyasagar, M.D. (*id.* at 24); The Imaging Center (*id.* at 25-26); and the New Mexico Department of Health (*id.* at 27-28).  Plaintiff's medical records include: a Consultative Examination by Carlos Pastrana, M.D., dated July 26, 2008 (*id.* at 32-34); a Physical Residual Functional Capacity Assessment by Janice Kando, M.D., dated August 14, 2008 (*id.* at 35-42); and a Case Analysis by Margaret E. Vining, M.D., dated October 7, 2008 (*id.* at 43).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff had engaged in substantial gainful activity after her alleged onset date of September 1, 2007, until March 2008, when Plaintiff started working only 22 hours per week.  [*Doc. 12-3* at 15].  Therefore, the ALJ stated that her decision addresses Plaintiff's claim for the period after March 31, 2008.  *Id.*  At step two, the ALJ found that Plaintiff "has the following severe impairments: psoriasis and probable psoriatic arthritis."  *Id.*  The ALJ found that Plaintiff's "medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe."  *Id.* at 16.  The ALJ also found that Plaintiff's

stomach ulcers are undocumented in her medical history and her symptoms are controlled by medication. *Id.* Furthermore, the ALJ found that Plaintiff does not have severe impairments from uterine bleeding. *Id.* At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, App. 1. *Id.*

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work "except [that] she can occasionally perform overhead reaching, and she must avoid exposure to skin irritants including cleaning products and solvents." *Id.* In support of her RFC finding, the ALJ states that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." *Id.* at 18. The ALJ states that neither the medical nor nonmedical evidence support Plaintiff's claim of total disability, and that no treating physician opined that Plaintiff was "disabled." *Id.* At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a home health care giver "as she actually and generally performed it." *Id.* at 19. The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## IV. Analysis

Plaintiff contends that the ALJ's decision should be remanded for two reasons: First, because the ALJ's finding at step-four that Plaintiff is capable of returning to past relevant work is unsupported by substantial evidence and the ALJ failed to apply the correct legal analysis; and second, because the ALJ's credibility determination is unsupported by substantial evidence. [*Doc. 16* at 1-7]. As relief, Plaintiff asks the Court to remand this case for another hearing. *Id.* at 7.

Defendant disputes Plaintiff's contentions and argues that the ALJ's decision should be affirmed because it is based on substantial evidence. [*Doc. 17* at 3-16].

### *A. The ALJ's Step-Four Finding*

Plaintiff states that the ALJ erred in finding that Plaintiff is capable of returning to her past relevant work as a home healthcare giver/personal attendant "as she actually and generally performed it," because the way Plaintiff performed that work does not constitute substantial gainful activity (hereinafter "SGA"), so the work experience cannot be considered relevant. [*Doc. 16* at 2-3]. Plaintiff contends that she did not earn enough at this job for it to qualify as SGA. *Id.* at 3. In response, Defendant states that Plaintiff's work as a personal attendant constituted SGA because the earnings Plaintiff reported in the "Work Activity Report-Employee" were high enough to fulfill the SGA requirement. [*Doc. 17* at 3-9].

In determining whether a claimant's past work experience qualifies as past relevant work, the ALJ must consider whether the work was performed within the last fifteen years, was SGA, and lasted long enough for the claimant to learn to do it.[3] *See* 20 C.F.R. §§ 404.1560(b)(1); 416.960(b)(1). The regulatory definition of SGA for purposes of determining a claimant's past relevant work is "work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The Social Security Administration's regulations state that a person's earnings may show that they have engaged in SGA. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1) ("Generally, in evaluating your work activity for substantial gainful activity purposes, our primary consideration will be the earnings you derive from the work activity."). The Social

---

[3]Defendant states that "Plaintiff's real quarrel seems to be that she did not perform SGA-level activity for long enough . . . to learn the work associated with it." [*Doc. 17* at 6]. The Court does not find that this is Plaintiff's contention; instead Plaintiff contends that "the job of home healthcare giver/personal attendant 'the way she is doing it now' is not relevant work experience because it is not 'substantial gainful activity.'" [*Doc. 16* at 3].

7

Security Administration's Program Operations Manual shows that in 2007 and 2008, monthly earnings averaging more than $900.00 and $940.00 per month respectively meet the SGA guidelines. *See* Social Security Online (www.socialsecurity.gov), POMS Section DI 10501.015, https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015!opendocument (last accessed June 11, 2012).

In Plaintiff's "Summary FICA Earnings" report, Plaintiff's employer reported that Plaintiff earned an average of $613.67 per month for working as a home healthcare giver in the fourth quarter of 2007, and she earned an average of $696.34 per month in 2008 for the job. *Doc. 12-8* at 19-21. Defendant, however, contends that Plaintiff's earnings are understated in the earnings report, and that, in a "Work Activity Report - Employee," for attested to on April 15, 2008, Plaintiff stated that she worked an average of 30.5 hours per week at $8.00 per hour as a personal care attendant, starting on September 1, 2007. [*Doc. 17* at 7] (citing *Doc. 12-9* at 3-9). This would come out to about $976 per month, which is over the SGA amount.

The Court finds that Plaintiff's earnings do not meet the SGA guidelines. To determine whether the amount earned is "substantial" so that it constitutes SGA, the SGA guidelines look at the average wages earned in the job per month over a calendar year. *See* 20 C.F.R. §§ 404.1574(b)(2)(ii)(B) and (b)(3)(i), 416.974(b)(2)(ii)(B) and (b)(3)(i). Plaintiff's verified earnings -- those reported by her employer -- shows that her earnings as a home healthcare giver in 2007 averaged $613.67 per month and in 2008 averaged $696.34 per month. *See* [*Doc. 12-8* at 19-22] ("Summary FICA Earnings for Years Requested."). While the number of hours and amount per hour that Plaintiff stated she made in this job in the "Work Activity Report" (30.5 hours per week at $8.00 per hour) would meet the SGA guidelines, those earnings were not verified by the

8

employer and do not appear to be an accurate statement of Plaintiff's earnings for the time period in question.

In addition, even though Plaintiff reported in April 2008 that she was working 30 hours per week, it is undisputed that Plaintiff was working only 22 hours per week at the most, starting around that same time. *See* [*Doc. 12-3* at 15] (the ALJ stating that Plaintiff started working 22 hours per week in March 2008) and [*Doc. 12-3* at 40] (Plaintiff's testimony that she actually only works about fourteen hours per week). Both the ALJ and the VE found that Plaintiff was able to perform her past relevant work the way she was currently performing it -- at 22 hours per week or less at $8.00 per hour -- which would not constitute SGA-level earnings. *See* [*Doc. 12-3* at 19] (the ALJ states that Plaintiff is able to perform her home healthcare giver work "as she actually and generally performed it") and [*Doc. 12-3* at 56] (the VE states that Plaintiff did not perform her job the way it is classified in the DOT, and that "[s]he could do it the way she is doing it now but that would eliminate all of her past relevant work"). Since the ALJ found that Plaintiff's past relevant work was the home healthcare giver job as she was currently performing it, which was when she was earning less than the SGA amount, the Commissioner cannot then consider the amount Plaintiff was earning when she was working longer hours at the job as her past relevant work, which the ALJ found she could no longer perform. The Court, therefore, finds that the ALJ erred in finding that Plaintiff's past work as a home healthcare giver/personal attendant was SGA, so that job could not be considered to be past relevant work at step four and the ALJ should have proceeded to step five to determine whether Plaintiff is able to perform other work in the national economy, considering her RFC, age, education, and work experience.

In addition, at step four, the ALJ is required to make findings of fact regarding three phases: (i) the individual's RFC; (ii) the physical and mental demands of the individual's past work, and

(iii) the ability of the individual to return to past work in light of the individual's RFC.  *See Winfrey v. Chater*, 92 F.3d 1017, 1023-25 (10th Cir. 1996); SSR 82-62, 1975-1982 Soc.Sec.Rep.Serv. 809, 813, 1982 WL 31386.  These findings must be specific and must be made on the record.  *Id.*  Here, the ALJ stated: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find the claimant is able to perform it as she actually and generally performed it."  [*Doc. 12-3* at 19].  The ALJ failed to make any specific findings regarding the physical and  mental demands of Plaintiff's job as a home healthcare giver/personal attendant.  Without such findings, the ALJ was unable to make the necessary findings at phase three about Plaintiff's ability to meet the demands of her past relevant work in light of her RFC.  *See Winfrey*, 92 F.3d at 1024-25 ("Having failed to complete phase two appropriately, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the mental demands of his past relevant work despite his mental impairments."); and *Sandusky v. Barnhart*, No. 06-1074-WEB, 2007 WL 496617 at *5 (D. Kan. Jan. 10, 2007) (unpublished) ("When the ALJ essentially skips the second phase of the step four analysis by not making any findings regarding the physical and mental demands of claimant's past work, either as performed or as it is generally performed in the national economy, then the case shall be remanded in order for the ALJ to make the specific factual findings regarding the demands of claimant's past relevant work.") (citation omitted).  Therefore, even if Plaintiff's work as a home healthcare giver/personal assistant qualifies as past relevant work, the ALJ failed to make the required findings regarding the physical and mental demands of the work and Plaintiff's ability to return to it in light of her RFC.

### B.  Credibility Assessment Regarding Plaintiff's Symptoms

Next, Plaintiff contends that the ALJ's credibility assessment is unsupported by substantial evidence and is legally deficient under the case *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).

[*Doc. 16* at 4]. Plaintiff states that the ALJ erred by failing to justify his finding that Plaintiff's testimony regarding her pain from her psoriasis/arthritic psoriasis was not credible. *Id.* at 5. In response, Defendant states that "the ALJ's credibility findings could have been more clearly sign-posted, but [s]he sufficiently illuminated her reasoning to permit review." [*Doc. 17* at 9].

An ALJ's decision, "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1986 WL 374186 at *4 (July 2, 1996); *see also White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) ("[C]redibility determinations are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence.") (citation and internal quotation marks omitted).

Here, the ALJ noted that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, [the ALJ] must make a finding on the credibility of the statements based on a consideration of the entire case record." [*Doc. 12-3* at 17]. The Court finds that the ALJ sufficiently supported her finding that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms are not credible to the extent they are inconsistent with the RFC assessment. The ALJ cites to evidence in the record that supports her credibility finding, such as: (1) Plaintiff was given medication by a dermatologist for her psoriasis and in a follow-up visit Plaintiff stated that she "feels better already;" (2) Plaintiff had a full range of motion in her right shoulder, despite mild degenerative changes; (3) a radiology report found no fracture, subluxation or significant degenerative changes in Plaintiff's lumbar spine; (4) Dr. Pastrana found that Plaintiff had a full range of motion in all of her joints with some pain in both shoulders and the lumbar spine, but no

11

other clear etiology of pain in her abdominal area and found no abdominal tenderness on examination; (5) Plaintiff reported she could take care of her daily basic needs; and (6) an x-ray of Plaintiff's right shoulder and lumbar spine were negative, with no swelling, and had a full range of motion in all her extremities and cervical lumbar spine. *Id.* The Court finds that the ALJ provided specific reasons for her findings regarding Plaintiff's credibility, that her reasons are supported by the evidence in the record, and it is clear what weight the ALJ gave to Plaintiff's statements and the reasons for that weight. The Court, therefore, finds that the ALJ did not err in her credibility findings.

The Court also rejects Plaintiff's contention that the ALJ failed to correctly apply the test set forth in *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987) regarding Plaintiff's subjective complaints of pain. Under *Luna*, if a pain-producing impairment is demonstrated by objective medical evidence, the ALJ must consider whether there is a nexus between the impairment and the alleged pain and, if there is, the ALJ must next consider all of the relevant evidence to determine whether the claimant's pain is in fact disabling. 834 F.2d at 163. Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the ALJ's RFC finding. [*Doc. 12-3* at 18]. As stated in the previous paragraph, the ALJ set forth several reasons, with support from the record, regarding why he found Plaintiff's allegations incredible. Plaintiff contends that the ALJ erred by failing to justify her finding that Plaintiff's complaints were not credible. [*Doc. 16* at 5-7]. The Court finds that the ALJ sufficiently stated what evidence she relied on in determining that Plaintiff's allegations of pain were not credible, and her failure to discuss portions of the evidence in the record is not error. *See Qualls v. Apfel*, 206 F.3d 1368, 1372

(10th Cir. 2000) (upholding the ALJ's decision regarding the claimant's pain allegations where the ALJ "did not simply recite the general factors he considered, [but] also stated what specific evidence he relied on in determining that plaintiff's allegations of disabling pain were not credible," and stating that a "formalistic factor-by-factor recitation of the evidence" is not required); *Thacker v. Comm'r of Soc. Sec.*, No. 02-6138, 99 Fed. Appx. 661, 664-665, 2004 WL 1153680 (6th Cir. May 21, 2004) (unpublished) (declining to remand for ALJ's failure to discuss SSA employee's observations of claimant because: "The ALJ's failure to discuss those observations did not indicate that they were not considered.  An ALJ need not discuss every piece of evidence in the record for his decision to stand.").  *See also Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.").  The Court, therefore, finds that this claim should be denied.

## V.  Conclusion

For the reasons stated above, the Court recommends that the Commissioner's decision be remanded to proceed to the fifth step to determine whether Plaintiff is able to perform other work in the national economy, considering her RFC, age, education, and work experience.

## VI.  Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* be **GRANTED in part** and **DENIED in part**, and the Commissioner's decision be **REMANDED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**